**Everett v. Wenerowicz.**

NEW, *J.*, February 19, 2013—For the reasons that follow, this court respectfully requests Plaintiff Maurice Everett's Appeal of this court's order dated. January 22, 2013 be quashed on appeal.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Maurice Everett (hereinafter "plaintiff") commenced this litigation by filing a Petition for Writ of Habeas Corpus (Ad Subjiciendum) (hereinafter "Writ") pursuant to article I, section 14 of the Pennsylvania Constitution on December 31, 2012. On that same date, Plaintiff filed a motion to proceed *In Forma Pauperis* (hereinafter "IFP Petition"). On January 22, 2013, this court ordered an intra-divisional transfer of plaintiff's writ and IFP petition from the civil trial division of the Court of Common Pleas of Philadelphia County to the criminal trial division of the Court of Common Pleas

of Philadelphia County for the criminal trial division to determine Plaintiff's Writ and IFP Petition.

Thereafter, on February 11, 2013, Plaintiff filed the instant appeal to the Superior Court. In support of his appeal, Plaintiff submitted an "Affidavit That Privilege of Writ of Habeas Corpus Has Been Suspended" (hereinafter "Affidavit").[1] In his Affidavit, Plaintiff avers the Court's Order suspended his privilege of the Writ of Habeas Corpus in violation of "Pa. R.C.P. 206.1-206.7."[2] According to Plaintiff, this intra-divisional transfer of the matter constituted a transfer to a "court of a coordinate jurisdiction," and as such, Plaintiff argues the January 22, 2013 Order is an interlocutory order appealable as of right under Pennsylvania Appellate Rules of Civil Procedure (hereinafter "Pa. R.A.P.") 311(c).

## LEGAL ANALYSIS

Pursuant to Pa. R.A.P. 311(c), Plaintiff has appealed this Court's Order of January 22, 2013, which states:

And now, January 22, 2013, it is hereby ordered and decreed the above-captioned matter is transferred from the Civil Trial Division of the Court of Common Pleas of Philadelphia County to the Criminal Trial Division of the Court of Common Pleas of Philadelphia County, and this matter is to be determined by the Criminal

---

1. Plaintiff was not directed to file a 1925(b) Statement of Errors Complained of on Appeal.

2. *See* Plaintiff's Affidavit. Upon review of the Affidavit, it appears Plaintiff's argument is based upon article 1, section 14 of the Pennsylvania Constitution, Pa. Const. art. 1, § 14 ("[t]he privilege of habeas corpus shall not be suspended, unless when in the case of rebellion or invasion the public safety may require it.") and 42 Pa. C.S. § 6501 (same).

Division.

Pa. R.A.P. 311(c) grants an appeal as of right from an interlocutory order based upon:

(c) Changes of venue, etc. An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.[3]

The notes accompanying Pa. R.A.P. 311 with respect to this subdivision offer insightful guidance on this issue, providing:

Subdivision (c) covers orders that do not sustain venue, e.g., orders under Pa. R.C.P. 1006(d) and (e). However, the subdivision does not relate to a transfer under 42 Pa. C.S. § 933(c)(1) (concurrent and exclusive jurisdiction), 42 Pa. C.S. § 5103 (transfer of erroneously filed matter) or under any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule . . . other orders relating to subject matter jurisdiction (which for this purpose does not include questions as to the form of action, e.g., as between law and equity, or divisional assignment, see 42 Pa. C.S. § 952 (status of court divisions)) will be appealable under Rule 341 if jurisdiction is not sustained, and otherwise will be subject to rule 312.[4]

In the case *sub judice*, the January order directed an

---

3. Pa. R.A.P. 311(c); see also Pa. R.C.P. 702.
4. *Id.* at Note.

intra-divisional transfer of Plaintiff's Writ and IFP Petition from the civil trial division of the Court of Common Pleas of Philadelphia County to the criminal trial division of the same court. Upon a review of the plain meaning of rule 311(c) and relevant notes, it is clear this intra-divisional transfer does not constitute a transfer to a "court of coordinate jurisdiction" within the meaning of the rule. First, the January order transferred plaintiff's case to a division within the same court, *i.e.*, the trial division of the Philadelphia Court of Common Pleas. There is only one trial division in the Court of Common Pleas of Philadelphia County, which is comprised of the civil and criminal divisions. Thus, no transfer to another court occurred.

Second, the notes explain subdivision (c) covers orders under Pennsylvania Rules of Civil Procedure (hereinafter "Pa. R.C.P.") 1006(d) and (e)[5] wherein a court orders a transfer of a matter to another county on the issue of venue. Here, no party sought to transfer this matter to a court of another county in this Commonwealth under Pa. R.C.P. 1006(d) or (e). Further, as discussed above, the January order transferred the matter to a division within the same court rather than transfer Plaintiff's case to another county. As such, the subject transfer is more akin to a divisional assignment or transfer of an erroneously filed matter, which the relevant notes state are unappealable under Pa. R.A.P. 311(c).[6]

Thus, contrary to Plaintiff's assertion contained in his

---

5. Pa. R.C.P. 1006(d) concerns a request to transfer the matter to another county of proper venue within this Commonwealth pursuant to the doctrine of *forum non conveniens*.
6. Pa. R.A.P. 311 at Note.

Affidavit, the January Order did not transfer this matter to a "court of coordinate jurisdiction" within the meaning of Pa. R.A.P. 311(c), but rather directed an intra-divisional transfer within the same court. Accordingly, the Court's Order of January 22, 2013 is an interlocutory order, not appealable as of right.[7]

Moreover, it should be noted this Court's intra-divisional transfer of the matter is consistent with both statute and rule of law. Pennsylvania Rules of Criminal Procedure (hereinafter "Pa. R. Crim. P.") 108, governing venue in habeas corpus petitions, provides:

> (A) A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.[8]

Pursuant to 42 Pa. C.S. § 6502, "[a]ny judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose."[9] Thus, the transfer of this matter to the criminal trial division within the same court was permitted by both statute and rule of law.[10]

---

7. Plaintiff has not sought an interlocutory appeal by permission of the court pursuant to Pa. R.A.P. 312.

8. Pa. R. Crim. P. 108(A).

9. 42 Pa. C.S. § 6502(a).

10. Further, although habeas corpus is a "civil remedy, regardless of whether the prisoner has been detained under civil or criminal process," *Commonwealth v. Wolfe*, 413 Pa. Super. 583, 587, 605 A.2d 1271, 1273 (1992) (citations omitted), the Pennsylvania Supreme Court has held the Post Conviction Relief Act (hereinafter the "PCRA") subsumes the remedy of habeas corpus in circumstances where the PCRA provides a remedy for the action. *Commonwealth v. Peterkin*, 554 Pa. 547, 552, 722 A.2d 638, 640 (1998) (explaining the habeas statute "continues to

Next, Plaintiff cannot appeal the Court's Order of January 22, 2013 under Pa. R.A.P. 341 because such transfer did not constitute a "final order."[11] "An order is 'final' if its practical effect is to put the other party out of court, precluding him from presenting the merits of his claim."[12] As the Pennsylvania Superior Court stated:

> generally, the policy underlying the principle that an order is not appealable unless it puts the appellant "out of court" is that piecemeal litigation should be avoided; the appellate courts will use their resources more economically if they review a case only once, rather than deciding one issue on one appeal, and another issue on a later appeal.[13]

Despite the fact the docket indicates the January Order rendered a "final disposition" of Plaintiff's case, the effect of the Order did not put Plaintiff "out of court." Rather, the docket entry was entered administratively to effectuate the transfer of the matter to the criminal trial division for determination.[14] At this time, no suspension of Plaintiff's privilege of the writ of habeas corpus guaranteed under

---

exist only in cases in which there is no remedy under the PCRA."). In the case *sub judice*, plaintiff challenges the legality of his confinement and/or continued detention. Thus, without deciding, this court notes a possibility exists plaintiff's writ may be treated as a PCRA petition under Pennsylvania law. See *id.*

11. Pa. R.A.P. 341(a) provides, in relevant part: "an appeal may be taken as of right from any final order of an administrative agency or lower court."

12. *Terpin v. Terpin*, 314 Pa. Super. 376, 378, 460 A.2d 1188, 1189 (1983) (citation omitted).

13. *Gordon v. Gordon*, 293 Pa. Super. 491, 499, 439 A.2d 683, 686-87 (1981), *rev'd on other grounds*, 545 Pa. 391, 681 A.2d 732(1996) (citations omitted).

14. This entry represents the method used to transfer the matter to the criminal trial division because the civil and criminal trial divisions operate under separate docketing systems.

federal and state constitutions has occurred as Plaintiff's Writ and IFP Petition are Currently Pending Determination by the criminal trial division of this Court.[15]

Accordingly, the Order of January 22, 2013 is neither an interlocutory order appealable as of right nor a final order pursuant to Pa. R.A.P. 311 or 341. Thus, the Order of January 22, 2013 constitutes an interlocutory order, not appealable at this time.

## CONCLUSION

Wherefore, for the reasons stated above, it is respectfully requested plaintiff's appeal of the court's order of January 22, 2013 be quashed.

---

15. *See* Criminal Docket attached as Exhibit "A."