460 A.2d 1188

**Charles T. TERPIN**

v.

**Mary M. TERPIN, Appellant.**

Superior Court of Pennsylvania.

Argued June 17, 1982.

Filed May 27, 1983.

James Anthony Moschetta, Washington, submitted a brief on behalf of appellant.

Charles E. Kurowski, Canonsburg, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant appeals from the order of the trial court dated December 17, 1981, dismissing appellant's exceptions with respect to alimony and remanding her exceptions with respect to alimony pendente lite and counsel fees to the Master. Because the appeal is interlocutory, we quash.

The procedural history of the case indicates that the complaint in divorce was filed by appellee on February 11, 1981.[1] Appellant filed an answer and counterclaim, requesting alimony, alimony pendente lite and counsel fees. Subsequent to appellee's answer to the counterclaim, a Master was appointed and a report filed, recommending the divorce be granted and appellee's requests be denied. Exceptions were filed by appellant alleging, inter alia, that a decree in divorce should be withheld until resolution of the other claims made by appellant and that the Master erred in his determination of appellant's claims. On September 28, 1981, appellee filed a petition to bifurcate the divorce action from the remaining claims.

The trial court issued an opinion and order on December 17, 1981 which (1) dismissed appellant's exception to the Master's denial of her claim for alimony and (2) remanded the claims for alimony pendente lite and counsel fees to the Master for findings of fact and conclusions of law. Appellant filed her notice of appeal pursuant to the December 17 order.

Subsequent to the filing of the notice of appeal, the trial court granted bifurcation and recommended that a decree in

1. Appellee had originally filed for divorce in December of 1971, but that complaint was discontinued.

divorce be entered. The decree in divorce was finally entered on February 4, 1982.

■ Although neither party raises the question of the appealability of the order in question, we not only may but must raise the question of jurisdiction *sua sponte*. *Aloi v. Aloi*, 290 Pa.Super. 125, 434 A.2d 161 (1981). Our jurisdiction is limited to appeals from final orders and such other appeals from interlocutory orders as authorized by law or certification by the trial court. 42 Pa.C.S.A. §§ 702, 742; Pa.R.A.P. 301–312.

■ An order is "final" if its practical effect is to put the party out of court, precluding him from presenting the merits of his claim. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

As stated in *Gordon v. Gordon*, 293 Pa.Super. 491, 499, 439 A.2d 683, 686–87 (1981), *aff'd*, 498 Pa. 570, 449 A.2d 1378 (1982):

> Stated generally, the policy underlying the principle that an order is not appealable unless it puts the appellant "out of court" is that piecemeal litigation should be avoided; the appellate courts will use their resources more economically if they review a case only once, rather than deciding one issue on one appeal, and another issue on a later appeal. Thus where the trial court on preliminary objections has dismissed one or more counts of a multi-count complaint, but has not dismissed the entire complaint, we have held that the court's order was interlocutory and not appealable. *E.g.,* *Bagshaw v. Vickers*, 286 Pa.Superior Ct. 246, 428 A.2d 664 (1981); *Giannini v. Foy*, 279 Pa.Superior Ct. 553, 421 A.2d 338 (1980).

An order dismissing exceptions and refusing to reopen a master's report has been held not to be a final appealable order. *Aloi, supra; see also Hammond v. Hammond*, 301 Pa.Super. 439, 447 A.2d 1047 (1982).

■ In the instant case, the order of December 17 dismissed appellant's claim for alimony, but also remanded her claims for alimony pendente lite and counsel fees to the

Master. Clearly, as to those matters remanded, the order was interlocutory. Despite the fact that the order, as to alimony, appears to be final, permitting an appeal at this time would amount to allowing piecemeal determinations by this court, as appellant could then appeal a final order on alimony pendente lite and counsel fees only when such a final order is entered. Also, appellant, pursuant to her exceptions, stated that a decree in divorce should be withheld, pending resolution of her claims to alimony, etc. Appellant also requested that appellee's petition to bifurcate the divorce action from the claims by appellant be denied. Therefore, appellant desired the resolution of *all* of her claims prior to any decision being made on the divorce petition. Clearly then, as appellant has treated both the divorce action and her claims for alimony etc. as a single proceeding, our determination that the order of December 17 was not final is reinforced by appellant's treatment of the entire claim.

The appeal is quashed.