test. The Commonwealth Court properly affirmed.

Order affirmed.

Justice NIGRO files a concurring opinion.

NIGRO, Justice, concurring.

It is refreshing to see a tax exemption afforded to an entity that satisfies the traditional definition of a charity and donates for the benefit of the general public. *Compare City of Washington v. Bd. of Assessment Appeals,* 550 Pa. 175, 704 A.2d 120 (Pa.1997)(private liberal arts college is a charity entitled to a tax exemption); *Unionville–Chadds Ford School Dist. v. Chester County Bd. of Assessment Appeals,* 552 Pa. 212, 714 A.2d 397 (Pa.1998)(private horticultural facility is a charity entitled to a tax exemption). Thus, I join the opinion of the majority.

**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Alan D. ALLBURN, Appellee.**

Superior Court of Pennsylvania.

Argued April 16, 1998.

Filed Oct. 8, 1998.

Patrick M. Carey, Asst. Atty., Erie, for Com., appellant.

Joseph P. Burt, Erie, for appellee.

Before DEL SOLE, TAMILIA and EAKIN, JJ.

EAKIN, J.:

The Commonwealth appeals from the pre-trial order of the Court of Common Pleas of Erie County, granting appellee's Motion pur-

suant to 18 Pa.C.S. Section 3104(b) regarding evidence of the victim's past sexual conduct. We reverse.

In 1996, appellee was charged with Involuntary Deviate Sexual Intercourse, Indecent Assault, Corruption of Minors and Endangering Welfare of Children,[1] stemming from the alleged sexual abuse of his stepdaughter between 1991 and September 1995. The victim, born April 1, 1983, claimed appellee "put his penis in her mouth and anus, placed his tongue in her vagina, and directed her to touch his penis on numerous occasions. Further, [appellee] is alleged to have shown the victim numerous sexually explicit magazines and videotapes during which time [appellee] would attempt to perform the acts depicted therein with the victim." Appellant's Brief, at 4. Prior to trial, appellee filed a "Motion Pursuant to Title 18 Section 3104(b) Regarding Evidence of Victim's Sexual Conduct", which offered to prove:

a. That between 1991 and 1993 ... the female victim ... engaged in various sexual acts, including sexual intercourse with a juvenile male, ... age 15.

b. Said sexual activity, according to [the juvenile male], occurred in the basement and [in the minor victim's] bedroom....

c. That in the attic the juveniles discovered some sexually explicit magazines, which they viewed there.

d. The male juvenile admitted this activity to his mother, ... and to the [appellee] and to defense counsel.

e. [The minor victim] denied having sexual activities or intercourse with anyone else, but admitted that she had been touched by a juvenile boy whose name she could not remember and that this occurred prior to the sexual activity with the [appellee]....

Appellee's motion, pages 2–3.

Upon review of appellee's motion, the trial court:

ordered that the [appellee's] motion and offer of proof [were] sufficient on their face and further Ordered an in camera hearing to make findings on the record as to the

---

1. 18 Pa.C.S. §§ 3121(a)(1), 3126(a)(7), 6301(a) and 4304, respectively.

relevance and admissibility of the proposed evidence. On April 18, 1997, the Commonwealth filed a Notice of Appeal from the March 19, 1997 Order. By Order dated April 22, 1997, [the trial court], following a hearing in camera, reaffirmed the record as follows: The [trial court] granted the [appellee's] Motion Pursuant to 18 Pa.C.S. 3104(B) Regarding Evidence of Victim's Sexual Conduct; the [trial court] found that the proffered evidence of the victim's past sexual conduct [was] admissible as an exception to the Rape Shield Law; the [trial court] found that this case involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may advance the ultimate termination of the matter.

Trial Court Opinion, 7/7/97, at 2.

■ Before we may consider the merits of this appeal, we must determine whether it is properly before this Court. Unlike the typical Commonwealth appeal from an order limiting the prosecution's evidence (as by suppression or the like), this appeal challenges a pretrial determination to admit certain defense evidence. Although appellees did not dispute the appealability of the order, such is a question of jurisdiction and may be raised *sua sponte. Blackman v. Katz,* 390 Pa.Super. 257, 261, 568 A.2d 642, 645 (1990); *Terpin v. Terpin,* 314 Pa.Super. 376, 378, 460 A.2d 1188, 1189 (1983).

■ Pa.R.A.P. 311(d) provides as follows:

**(d) Commonwealth Appeals in Criminal Cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Under this section, the Commonwealth may appeal if it certifies the interlocutory order will terminate or substantially handicap the prosecution; it plainly included this certification in the notice of appeal. "Such certification is required as a means of preventing frivolous appeals and appeals intended solely for delay." *Commonwealth v. Dugger,* 506 Pa. 537, 547, 486 A.2d 382, 386 (1985). Failure to include the certification renders the questioned order unappealable. *Commonwealth v. Malinowski,* 543 Pa. 350, 358, 671 A.2d 674, 678 (1996).

We recently stated in *Commonwealth v. King,* 456 Pa.Super. 72, 689 A.2d 918 (1997), "The Commonwealth's good faith certification, alone, provides an absolute right to appeal; it is not required to demonstrate the need for the evidence." *Id.* at 921 (*citing Dugger, supra* ). In *King,* the Commonwealth appealed an order granting a defense motion in limine, excluding certain evidence. *Id.* at 920. Although in this case the Commonwealth is appealing an order allowing evidence proffered by the defense, the same logic applies. The Commonwealth does not have to prove it will be "substantially handicapped"; the good faith certification suffices.[2]

In *Commonwealth v. Gordon,* 543 Pa. 513, 673 A.2d 866 (1996), our Supreme Court found:

There is no essential difference between suppression rulings and rulings on motions *in limine* to *admit* or exclude evidence. In both cases, a pretrial order is being

---

2. The Commonwealth's certification is buttressed by the trial court's finding the Commonwealth will be "substantially hampered." N.T., pretrial, 3/19/97, at 7. In an *in camera* pretrial proceeding the trial court stated:

I understand [the Commonwealth's] concern about the victim and things [granting the motion in limine] may do to [the Commonwealth's] case, and it *substantially hampers* what you want to prove and the outcome of it. I'm aware of the fact that if there's an acquittal [the Commonwealth] won't have a right to appeal.

While the specific handicap is not articulated, and need not be, we can easily envision the effect this ruling may have on the victim. The Rape Shield law was meant to protect a victim from being placed on trial, victimized a second time by the justice system. An order removing that minimal protection may cause a victim to refuse to testify at all, an understandable if regrettable result. As such orders may affect the availability of evidence, they should be subject to pretrial review.

handed down which *admits* or excludes evidence at trial, and in both cases, once a jury is sworn, the Commonwealth may not appeal from an adverse ruling. That suppression motions are always of constitutional dimension and motions *in limine* are only sometimes of constitutional dimension is of no import, for in both cases, without an immediate right of review, the Commonwealth's case may be so hampered that the Commonwealth may be unable to proceed.

*Id.* at 517, 673 A.2d at 868 (emphasis supplied).

Based on the foregoing, we find this appeal is properly before our Court, and we will review the issues the Commonwealth presents:

I. WHETHER EVIDENCE OF CONSENSUAL SEXUAL ACTIVITY BETWEEN A MINOR VICTIM AND A MINOR THIRD PARTY DURING THE SAME TIME FRAME AS THE ALLEGED SEXUAL ABUSE BY THE CRIMINAL DEFENDANT UPON THE MINOR VICTIM IS ADMISSIBLE TO ATTACK THE CREDIBILITY OF THE VICTIM AND TO EXPLAIN ONE SOURCE OF THE VICTIM'S KNOWLEDGE OF SEXUAL ACTIVITY.

II. WHETHER THE PROFFERED EVIDENCE WAS BARRED BY THE RAPE SHIELD LAW, 18 Pa. C.S.A. § 3104, SUBJECT TO NONE OF THE RECOGNIZED EXCEPTIONS.

III. WHETHER THE PREJUDICIAL EFFECT OF THE PROFFERED EVIDENCE OUTWEIGHED THE PROBATIVE VALUE.

IV. WHETHER THE PROFFER MADE BY THE [APPELLEE] IN HIS MOTION AND ON THE RECORD WAS SUFFICIENT UNDER ESTABLISHED CASELAW REGARDING RAPE SHIELD EVIDENCE.

Brief for Appellant, at 3.

■ A trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant will be reversed only where there has been a clear abuse of discretion. *Commonwealth v. Weber,* 549 Pa. 430, 436, 701 A.2d 531, 534 (1997)(*citing Commonwealth v. Johnson,* 536 Pa. 153, 157, 638 A.2d 940, 942 (1994)); *Commonwealth v. Guy,* 454 Pa.Super. 582, 587, 686 A.2d 397, 399 (1996), *alloc. denied,* 548 Pa. 645, 695 A.2d 784 (1997). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Spiewak,* 533 Pa. 1, 8, 617 A.2d 696, 697 (1992) (citation omitted).

The law regarding evidence of a complainant's sexual history is set forth in Pennsylvania's Rape Shield statute, which provides:

**§ 3104. Evidence of victim's sexual conduct**

**(a) General Rule.**-Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

**(b) Evidentiary proceedings.**-A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibilty of the proposed evidence pursuant to the standards set forth in subsection (a).

18 Pa.C.S. § 3104.

The purpose of the Rape Shield statute is to prevent a trial from shifting its focus

from the culpability of the accused towards the virtue and chastity of the victim. By so doing, the legislature hoped to end the practice of those defense attorneys who elected to try the victim instead of defend their client. *See, e.g., Commonwealth v. Weber,* 450 Pa.Super. 32, 40, 675 A.2d 295, 298–99 (1996); *Commonwealth v. Widmer,* 446 Pa.Super. 408, 421–22, 667 A.2d 215, 222 (1995); *Commonwealth v. Smith,* 410 Pa.Super. 363, 367, 599 A.2d 1340, 1342 (1991).

*Guy,* at 587–88, 686 A.2d at 400.

■ The Rape Shield statute contains a specific exception to its general prohibition of evidence regarding a victim's sexual conduct—evidence of the victim's past sexual conduct with the defendant may be admitted where consent of the victim is at issue. Consent is not alleged here, and the past acts were not with the defendant, making this exception inapplicable. However, our courts have found other exceptions to the statute.

■ Our Supreme Court has held the law does not prohibit relevant evidence that "directly negates the act of intercourse with which a defendant is charged." *Commonwealth v. Majorana,* 503 Pa. 602, 611, 470 A.2d 80, 84 (1983); *see also Commonwealth v. Widmer,* 446 Pa.Super. 408, 410, 667 A.2d 215, 216 (1995). The Rape Shield Law may not be used to exclude relevant evidence showing a witness' bias or attacking credibility. *Commonwealth v. Black,* 337 Pa.Super. 548, 557, 487 A.2d 396, 401 (1985). Also, "evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial." *Guy,* at 588, 686 A.2d at 400.

■ The Commonwealth first asks us to consider whether evidence of sexual activity between a minor victim and a minor third party is admissible to attack the victim's credibility and to explain her knowledge of sexual matters. The trial court found the evidence admissible because "it is so highly probative of the victim's credibility." Trial Court Opinion, 7/7/97, at 8. We disagree.

Appellee contends that in conversations with pediatric urologist Dr. Justine Schober,

caseworker Candace Battles, and the police, the victim denied she had prior sexual contact with someone other than appellee. The record, however, does not indicate such a denial. Upon review of his motion and the record, appellee does not appear able to offer such proof.

When asked where in her report Dr. Schober indicated the victim made such a denial, appellee was unable to do so. Similarly, when pressed by the Commonwealth as to where in Ms. Battles' report the victim denied the alleged prior sexual contact, appellee could not do so. Appellee merely asserted Ms. Battles' informed him that upon questioning her about prior sexual contact, the victim responded only "some boy" had "touched" her a long time ago. This is not a denial of all prior sexual activity.

Our review of the record does not reveal the victim was ever specifically questioned about participating in any sexual activity, besides that alleged to have occurred with appellee. If she was never asked the question, she could not have denied anything. If she did not deny, she is not impeached by this evidence. The trial court's decision was based on the belief appellee could offer proof the victim claimed she never had sexual contact with any person other than her stepfather. If such were the case, appellee would have a stronger argument for admitting the testimony of the individual who appellee claims had sexual relations with her. However, as appellee's proffer of evidence was based on speculation and conjecture about what the victim was asked and what she understood, it should not have been ruled admissible. *Commonwealth v. Fernsler,* 715 A.2d 435, 439 (Pa.Super.1998) (citation omitted). As the proffered evidence did not impeach the victim's credibility, it was not admissible on that basis.

■ We next consider whether the proffered evidence is admissible to explain the victim's knowledge of sexual activity. The trial court found the evidence should be admissible to explain the victim's knowledge because:

The testimony of the juvenile victim is in detailed, sexually explicit terms. Upon

hearing the testimony of the juvenile victim, the jury will be left with no choice other than to believe that the victim's knowledge on these matters is the result of personal experience. If the jury is not permitted to hear the proffered evidence, the testimony of [the minor third party], the [appellee] will be unable to defend himself.

Trial Court Opinion, 7/7/97, at 8. We recognize the concerns of the trial court, but after careful consideration, we are constrained to disagree.

In *Commonwealth v. Appenzeller*, 388 Pa.Super. 172, 565 A.2d 170 (1989), we held evidence of a prior sexual assault was irrelevant and not admissible to show knowledge by the child victim of sexual techniques or nomenclature. *Id.* at 175, 565 A.2d at 171. We were guided by our Supreme Court's decision in *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989), which stated:

Inasmuch as Appellee's offer of proof tends only to show that others *in addition* to Appellee had sexual contact with the victim rather than showing how this testimony would exonerate him, Appellee has not satisfied his burden of showing that the absent testimony would have been helpful in establishing his innocence.

*Id.* at 6, 559 A.2d at 506.

This case is similar; the evidence of the third party minor who allegedly had sexual contact with the victim does not exonerate appellee; the testimony at most shows the victim had sexual contact with someone in addition to appellee. Although the jury may regard the victim's knowledge of sexual activity as more detailed and explicit than some young girls, this reason alone is not compelling. Given the explicit language heard nightly on network television, the now sixteen year old victim may be expected to have some familiarity with sexual terms. Further, sexual activity with another teen does not necessarily inject advanced terminology into her world—sexual activity with an elder might.

This evidence is at odds with the purpose of the Rape Shield Law, to keep the focus on the legitimate issues at trial, and off the victim's sexual history, and we believe the evidentiary value expressed in this argument is so small as to be outweighed heavily by the goals of the shield. Accordingly, the proffered evidence is not admissible to explain the minor victim's knowledge of sexual activity.

■ Nor is the evidence admissible to explain Dr. Schober's objective findings. The Commonwealth has certified it will not call the doctor to testify about her findings. There is no requirement the Commonwealth call any witness as its own. As they will not call the doctor, there is nothing to explain; the proffered sexual evidence is not made relevant and admissible by that which is not part of the trial.

■ There remains the contention the evidence should be admitted to show the victim had a motive to fabricate the allegations. This Court recently held "evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial." *Guy*, at 588, 686 A.2d at 400. As stated above, in order for proffered evidence to be introduced, it must be shown to be relevant to the accused's defense, non-cumulative of evidence otherwise admissible at trial, and more probative than prejudicial.

We fail to see how evidence alleging a minor's sexual relationship with another minor, even if true, tends to show a motive to lie, fabricate, or seek retribution against her stepfather. There is no apparent connection between the proffered activity and an inclination to falsely accuse her stepfather. Unless there is more, the logic of this argument is not there.

Appellee suggests other evidence shows his accuser had a motive to lie, fabricate or seek retribution. For example, the victim allegedly desired to move out of appellee's house and live with an aunt, but appellee would not allow her to leave. Appellee suggests the victim hated him because he was a strict disciplinarian. The connection between these matters and an allegedly false accusation is clear—such allegations could be designed to accomplish the end of moving

out, or to avenge unfair discipline, and evidence of this dislike may be relevant and admissible. Prior sex with another minor is not an end furthered by allegations against her stepfather. It does not show she hated him. It does not show she lied against him. It does not show she fabricated anything. As it answers no questions which bear on the issue of a motive to fabricate the allegations, the proffered evidence is not admissible.

As we have determined the proffered evidence of the minor victim's past sexual conduct is inadmissible, it is unnecessary for us to address the Commonwealth's third and fourth issues.

The order of the trial court is reversed. Jurisdiction relinquished.

DEL SOLE, J., files a Dissenting Opinion.

DEL SOLE, J., dissenting:

I dissent because I find that the grant of Appellee's pretrial motion is not an order from which the Commonwealth may appeal.

In support of the appeal's propriety, the majority cites to several cases in which the Commonwealth's certification of the termination or substantial handicapping of its case by an interlocutory order will make that order appealable. However, the cases to which the majority cites are all cases in a different posture than the instant case. In those cases, the Commonwealth appealed orders *excluding* Commonwealth evidence, not admitting defense evidence. Our Supreme Court, in *Commonwealth v. Cohen*, 529 Pa. 552, 605 A.2d 1212 (1992) and *Commonwealth v. Gordon*, 543 Pa. 513, 673 A.2d 866 (1996), made clear that, while rulings on suppression orders and motions *in limine* may have different constitutional predicates, these differences are of no moment in cases where the Commonwealth certifies an appeal from the *exclusion* of its evidence.

The majority misconstrues the language from *Gordon*. *Gordon* does not stand for the proposition that the denial of a Commonwealth motion *in limine*, which may permit the introduction of defense evidence is appealable. *Gordon* permitted a Commonwealth appeal from a trial court ruling excluding Commonwealth evidence. The Supreme Court's reference to the ruling on a motion *in limine* as one which excludes or admits evidence is a recognition of the effect of the trial court decision, not a grant of immediate appellate review of the denial of a Commonwealth motion *in limine*. In arriving at its decision, the court concluded that there is no functional difference between the exclusion of Commonwealth evidence based on a suppression motion or on a motion *in limine*. The court quoted from its holding in *Cohen* :

> In summary, we hold that the Commonwealth may appeal pretrial orders which exclude evidence and have the effect of terminating or substantially handicapping the prosecution, in the same manner that the Commonwealth may appeal pretrial suppression orders.

*Gordon*, 673 A.2d at 868 (quoting *Cohen*, 605 A.2d at 1218).

In my judgment, *Gordon* was not meant to modify *Cohen*.

In this case, the trial court's refusal to exclude, pre-trial, evidence offered by the defense, is not an appealable order. The order constitutes a pre-trial relevancy determination which will ultimately be decided at trial after the Commonwealth has presented its evidence. To allow the Commonwealth to appeal this order pre-trial could permit the Commonwealth to contest all of a defendant's evidence pre-trial, a practice which would infringe upon a defendant's constitutional right to present evidence subject to the issue of relevancy.