J-A20027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY LEE MOORE | : | |
| | : | |
| Appellant | : | No. 1712 MDA 2016 |

Appeal from the Judgment of Sentence September 20, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001251-2014

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.              **FILED FEBRUARY 27, 2018**

A jury convicted Appellant, Rodney Moore, on charges of corruption of minors, unlawful contact with a minor, and indecent assault of a child under 13. These charges were based on allegations that Moore had placed his hand under the clothing and on the vagina of a child he thought was sleeping. On appeal, Moore challenges the weight and sufficiency of the evidence presented at trial due to inconsistencies in that evidence. Furthermore, he asserts the trial court erred in precluding him from presenting evidence the victim had been interviewed regarding a sexual assault by a third party. After careful review, we conclude Moore has not established he is entitled to relief, and therefore affirm.

Moore first challenges the sufficiency of the evidence supporting his convictions. Our standard of review for a challenge to the sufficiency of the

evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. **See Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa. Super. 2004). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Id**. (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Bruce**, 916 A.2d at 661 (citation omitted). Evidence is weak and inconclusive "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances…" **Commonwealth v. Woong Knee New**, 47 A.2d 450, 468 (Pa. 1946).

At trial, the victim testified she was between the ages of eight and nine when Moore molested her. At that time, she lived in the trailer next to Moore's. Moore and his wife would occasionally watch the victim while her mother worked or ran errands.

Of particular relevance were two nights when she slept in Moore's trailer. On the first night, she was sleeping on a couch while her mother was away purchasing a car. She heard someone approach her, stick his hand underneath her clothing, and touch her vagina. She kept her eyes closed and pretended to sleep through the incident. The assault ended when the assailant's cell phone rang and he walked away to answer it. As he walked away, the victim recognized Moore by his voice while he talked on the phone with someone whom she believed to be her mother. The victim's mother came and brought the victim home shortly thereafter.

The second incident occurred while the victim was sleeping on the floor of Moore's young son's bedroom. It was the early morning, and Moore's son and wife were in the kitchen eating breakfast. She woke up to find Moore touching her vagina under her clothing. Once again, the victim feigned that she was asleep during the assault. Moore pulled his hand from under her clothing and shook her shoulder in an effort to "wake" her for breakfast. The two then proceeded into the kitchen with Moore's wife and son.

On appeal, Moore argues this testimony is irreconcilable with the victim's prior statements and with incontrovertible natural facts. He notes the victim's testimony that the assaults on two separate occasions differs from her initial statements that they occurred on the same night. Furthermore, Moore asserts the victim's trial testimony that he moved his hand under her clothing is irreconcilable with her previous statement that he

had not moved his hand. He highlights conflicts in the evidence on the issue of whether the victim's brother was in Moore's trailer at the time of the assaults. Finally, he notes the victim's mother testified she had not spoken to Moore by phone on the night of the first assault, but rather texted with him. Thus, he argues, the victim's testimony that she heard Moore speaking on the phone to her mother after the first assault is inherently not credible.

Moore argues that under **Commonwealth v. Karkaria**, 625 A.2d 1167 (Pa. 1993), these inconsistencies render any verdict based upon the victim's testimony unreliable. In **Karkaria**, our Supreme Court threw out a conviction where the victim testified the defendant had assaulted her at times when it was undisputed the defendant was not physically present. **See id**., at 1171.

After reviewing the record, we conclude the inconsistencies pointed out by Moore do not render the jury's verdict mere surmise or conjecture. The inconsistencies highlighted by Moore do not rise to the level of those present in **Karkaria**. For example, whether the victim's brother was present or not does not affect whether the victim's tale of the assault was possible. Rather, it constitutes the sort of run-of-the-mill challenges to a witness's credibility that juries routinely resolve.

Moore's strongest argument, regarding the phone call that ended the first assault, still does not render the victim's rendition of the assault impossible. It can be reconciled with mother's testimony that she only texted

Moore on the night of the assault by finding that either: a) mother's recollection was faulty, or b) Moore was talking to someone else other than the victim's mother, even though the victim believed it was her mother. These findings were well within the bailiwick of the jury, and would not render their ultimate verdict as mere surmise. Moore's first issue on appeal merits no relief.

Next, Moore argues the jury's verdict was against the weight of the evidence presented at trial. We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). Rather, we only review the trial court's exercise of its discretionary judgment regarding the weight of the evidence presented at trial. **See id**. "[W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." **Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

The trial court acknowledged the appropriate legal standards in addressing Moore's challenge and concluded the verdict did not shock its

conscience. Having reviewed the record, we cannot conclude the trial court abused its discretion. The victim's testimony contains inconsistencies, but no more than might be expected of a minor testifying to traumatic events from early childhood. Moore's second issue on appeal merits no relief.

In his final issue on appeal, Moore contends the trial court erred in precluding him from presenting evidence the victim had been interviewed by a social agency regarding possible abuse at the hands of a third party. "A trial court's ruling on the admissibility of evidence of the sexual history of a sexual abuse complainant will be reversed only where there has been a clear abuse of discretion." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (citations omitted).

Pennsylvania's Rape Shield Law provides, in pertinent part, as follows:

> **(a) General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). "The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim. The Rape Shield Law is intended to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual

assault complainants." **Burns**, 988 A.2d at 689 (citations omitted). **See also** 4 Summ. Pa. Jur. 2d Criminal Law § 15:22 (2d ed.).

There are recognized exceptions to the Rape Shield Law. For instance, the Rape Shield Law does not provide a basis for the exclusion of relevant evidence that attributes a motive to lie to the victim. **See Commonwealth v. Allburn**, 721 A.2d 363, 367 (Pa. Super. 1998).

Moore argues evidence of the reported abuse by a third party is relevant to the victim's credibility. The trial court excluded the evidence because it was unduly prejudicial and not relevant to the issue of whether Moore had assaulted the victim. Moore fails to establish this evidence implies the victim had a motive in this case. Therefore, we cannot conclude the trial court abused its authority. Moore's final claim on appeal therefore merits no relief.

As Moore has not established any grounds for reversal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18