J-A09023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
SEIFULLAH ABDUL-SALAAM : No. 478 MDA 2022

Appeal from the Order Entered March 22, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001499-1994

BEFORE:  PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 08, 2023**

Appellant, the Commonwealth of Pennsylvania (Commonwealth), appeals as of right under Pa.R.A.P. 311(d) from the order entered on March 22, 2022, which precluded victim impact evidence and prohibited the presence of non-testifying, uniformed police officers in the courtroom at Seifullah Abdul-Salaam's (Abdul-Salaam) resentencing hearing.  For the reasons that follow, we affirm.

Our Supreme Court previously summarized this case as follows:

On March 15, 1995, a jury found [Abdul-Salaam] guilty of first‑degree murder, robbery and conspiracy in connection with the fatal shooting of Officer Willis Cole of the New Cumberland Police Department.  Following a sentencing hearing, the jury determined that the four aggravating circumstances it found outweighed the one mitigating circumstance it found and accordingly, fixed [Abdul-Salaam]'s penalty at death.  On June 18, 1996, [our Supreme] Court affirmed [Abdul-Salaam]'s judgment of sentence.  **Commonwealth v. Abdul-Salaam**, 678 A.2d 342 (Pa. 1996).

***Commonwealth v. Abdul-Salaam***, 808 A.2d 558, 559–560 (Pa. 2001).

In 2018, after the denial of multiple petitions for collateral review under the Pennsylvania Post Conviction Relief Act[1] (PCRA), the Third Circuit Court of Appeals affirmed Abdul-Salaam's convictions, but granted a provisional writ of *habeas corpus* regarding the penalty phase, explaining:

> Abdul-Salaam, after exhausting his state remedies, filed [a] petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his sentence based on trial counsel's provision of ineffective assistance of counsel by failing to investigate adequately and to present sufficient mitigation evidence at sentencing. The United States District Court for the Middle District of Pennsylvania denied the petition[, however], because trial counsel could not have had a strategic reason not to investigate Abdul-Salaam's background school and juvenile records, to acquire a mental health evaluation, or to interview more family members about his childhood abuse and poverty, [the Third Circuit declared] counsel's performance was deficient. Further, because there [was] a reasonable probability that the un-presented evidence would have caused at least one juror to vote for a sentence of life imprisonment instead of the death penalty, [the Court of Appeals] concluded that Abdul-Salaam [] met the prejudice prong of the ineffective assistance of counsel inquiry. Accordingly, [the Court of Appeals] reverse[d] in part the [o]rder of the District Court and remand[ed] to grant a provisional writ of *habeas corpus* directed to the penalty phase.

***Abdul-Salaam v. Sec'y of Pennsylvania Dep't of Corr.***, 895 F.3d 254, 257 (3[d] Cir. 2018).

On August 23, 2018, the Commonwealth petitioned the trial court for a new sentencing hearing, again seeking the death penalty, and provided notice of the same four, aggravating circumstances proffered originally at

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Abdul-Salaam's 1995 sentencing hearing. After a series of delays, the trial court scheduled resentencing for April 4, 2022. On February 15, 2022, the Commonwealth submitted a list of sentencing witnesses, as well as notice of its intention to present victim impact testimony pursuant to 42 Pa.C.S.A. § 9711(a)(2). [2] On February 27, 2022, relevant to the current appeal, Abdul-Salaam filed motions *in limine* requesting, *inter alia*, that the trial court preclude: (1) the presence of non-testifying, uniformed law enforcement officers in the courtroom during sentencing and, (2) the Commonwealth's proffered victim impact testimony. On March 22, 2022, the trial court granted Abdul-Salaam relief, prohibiting the presence of non-testifying, uniformed police officers in the courtroom and precluding victim impact testimony during resentencing. This timely, interlocutory appeal as of right followed.[3]

---

[2] "In the sentencing hearing, evidence concerning the victim and the impact that the death of the victim has had on the family of the victim is admissible." 42 Pa.C.S.A. § 9711(a)(2).

[3] Initially, before we consider the merits of the appeal, we must determine whether we have jurisdiction. First, we note that our Supreme Court has "exclusive jurisdiction of appeals from final orders of the courts of common pleas" relating to the review of death sentences. 42 Pa.C.S.A. § 722. As explained above, however, Abdul-Salaam obtained relief from his sentence of death and has not been resentenced. In this appeal, we are asked to review only the trial court's rulings on certain pre-sentence motions, as the court has not yet entered a final order. On March 23, 2022, the Commonwealth filed a notice of appeal, with an accompanying affidavit and jurisdictional statement, certifying that in accordance with Pa.R.A.P. 311(d), the trial court's order entered on March 22, 2022, will substantially handicap the prosecution. **See** Pa.R.A.P. 311(d) ("In a criminal case, under circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of
*(Footnote Continued Next Page)*

- 3 -

On appeal, the Commonwealth raises the following issues for our review:

    I.     Did the [t]rial [c]ourt err when it denied the slain officer's family the right to testify at the sentencing proceeding when the change in the Rules of Criminal Procedure is not substantive and when [victim] impact is an appropriate factor for the jury to consider?

    II.    Did the [t]rial [c]ourt err when it preemptively prohibited uniformed officers from observing trial when there is no indication that mere presence [of] uniformed officers would cause a disturbance or impact the ability of the jury to remain impartial?

Commonwealth's Brief at 7.

In its first issue presented, the Commonwealth argues that the trial court erred by denying its motion to present impact statements from the victim's family at the resentencing hearing. Commonwealth's Brief at 17-27. More specifically, the Commonwealth asserts:

---

appeal that the order will terminate or substantially handicap the prosecution."). "[W]hen an order terminates or has the practical effect of terminating some or all of the Commonwealth's case, or substantially handicaps the Commonwealth's case, and the Commonwealth has certified the same in good faith, the Commonwealth is entitled to an interlocutory appeal as of right under Rule 311(d)." **Commonwealth v. White**, 910 A.2d 648, 655 (Pa. 2006); **see also Commonwealth v. Allburn**, 721 A.2d 363, 365 (Pa. Super. 1998) (citations omitted) ("The Commonwealth's good faith certification, alone, provides an absolute right to appeal; it is not required to demonstrate the need for evidence" and "[t]he Commonwealth does not have to prove it will be substantially handicapped; the good faith certification suffices.") Because the Commonwealth certified that its case will be substantially handicapped, we accept jurisdiction over this appeal. Finally, we note that the Commonwealth and trial court complied timely with Pennsylvania Rule of Appellate Procedure 1925. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 9, 2022.

Officer Cole was murdered in broad daylight on August 19, 1994. On that date [Abdul-Salaam] committed the murder, it is not disputed that the law did not allow the Commonwealth to present what is now referred to as "victim impact testimony." In 1995, the legislature amended the sentencing procedure for murder of the first[-]degree to allow [the] Commonwealth to present evidence "concerning the victim and the impact that the death of the victim has had on the family of the victim." 42 Pa.C.S.A. § 9711(a)(2). Under the current statute, the trial court is also required to instruct the jury that they shall consider evidence of the victim and the impact on the murder victim's family when weighing the aggravating circumstances against any mitigation. 42 Pa.C.S.A. § 9711(c)(2).

*Id.* at 18-19 (footnote and unnecessary capitalization omitted). The Commonwealth argues that the trial court erred by relying on our Supreme Court's decision in *Commonwealth v. Fisher*, 681 A.2d 130 (Pa. 1996) to bar victim impact evidence at resentencing. *Id.* at 20-21. More specifically, the Commonwealth maintains that the trial court erred by determining that "impact testimony is prohibited because the date of the offense controls the procedural rules." *Id.* at 20. The Commonwealth argues that although Section 9711(a)(2) was not in effect at the time of the killing, "because this rule was procedural in nature and does not substantially change the penalty for [Abdul-Salaam's] crime[s]," there was no potential violation of *ex post facto* punishment for a past crime, and, therefore, the trial court erred by precluding impact statements at resentencing. *Id.* at 21-22. Finally, we note that "[t]he Commonwealth does recognize that the Pennsylvania Supreme Court may need to explicitly overrule *Fisher* for the Commonwealth to obtain its requested relief [and i]f this Honorable Court finds it cannot provide the

Commonwealth relief, the Commonwealth intends to pursue a petition for allowance of appeal with the Pennsylvania Supreme Court." *Id.* at 21 n.7.

Our standard of review is well-established:

In evaluating the denial or grant of a motion *in limine*, our standard of review is the same as that utilized to analyze an evidentiary challenge. It is well settled that the admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Hicks*, 151 A.3d 216, 224 (Pa. Super. 2016) (internal citations and quotations omitted). Moreover, when the issue presented is a pure question of law, our standard of review is *de novo* and our scope is plenary. *Commonwealth v. Jemison*, 98 A.3d 1254, 1257 (Pa. 2014) (citation omitted).

Here, the trial court determined:

[The trial court] precluded the Commonwealth from presenting victim impact evidence because [Pennsylvania law provides] no other alternative in light of our Supreme Court's holdings in *Commonwealth v. Fisher*, 681 A.2d 130 (Pa. 1996); *Commonwealth v. McNeil*, 748 A.2d 166 (Pa. 1996); and *Commonwealth v. Young*, 748 A.2d 166 (Pa. 1999). Those cases specifically held that legislation allowing victim impact evidence only applies to offenses occurring on or after its effective date. *See Fisher*, 681 A.2d at 145 n.7; *McNeil*, 748 A.2d at 1259-1260; and *Young*, 748 A.2d at 185. It is not a matter of when the sentencing hearing takes place, but rather, when the offense took place. Here, the offense occurred in 1994, well before the effective date of the 1995 sentencing amendment. Therefore, having no authority to ignore the Supreme Court

- 6 -

> precedent directly on-point, [the court is] compelled to prohibit the presentation of victim impact evidence.

Trial Court Opinion, 6/9/2022, at 2-3.

We agree with the trial court's assessment. As our Supreme Court explained in *Fisher*:

> On October 11, 1995, the death penalty statute was amended so as to permit evidence concerning the victim and the impact that the victim's death had on the family of the victim to be admitted in the sentencing hearing. The amendment, which was to take effect 60 days thereafter, applies only to sentences imposed for offenses which took place on or after its effective date. Thus, the amendment does not apply to the offense committed by [Fisher, whose offense occurred on July 10, 1980]. References in this opinion to our capital sentencing scheme are limited to the scheme in effect prior to the 1995 amendment.

*Fisher*, 681 A.2d at 145 n.7. Since *Fisher*, our Supreme Court has consistently held that the 1995 Amendment to § 9711(a)(2)—allowing admission of victim impact evidence—applies only to offenses that occurred on or after its effective date, December 11, 1995. *Commonwealth v. Laird*, 119 A.3d 972, 1007 (Pa. 2015); *Commonwealth v. Duffey*, 889 A.2d 56 (Pa. 2005) ("the 1995 amendment to the death penalty statute permitting victim impact evidence applies only to sentences imposed for offenses which took place on or after the effective date of the amendment..."); *see also Commonwealth v. Tedford*, 960 A.2d 1, 40 n.28 (Pa. 2008) ("Pennsylvania's death penalty statute was amended on October 11, 1995 so as to allow victim-impact evidence; the amendment, however, only applies to sentences imposed for offenses committed on or after its effective date.").

Victim impact evidence was not permitted for offenses which took place before the 1995 amendment to Section 9711(a)(2). In this case, there is no dispute that the offenses at issue were committed on August 19, 1994. *See Commonwealth v. Abdul-Salaam*, 678 A.2d 342, 345 (Pa. 1996). As such, bound by *Fisher* and progeny, the Commonwealth was not permitted to present victim impact testimony at sentencing and the trial court properly denied relief. Accordingly, the Commonwealth's first issue lacks merit.

In its second issue presented, the Commonwealth argues that the trial court erred when it precluded the presence of non-testifying, uniformed police officers inside the courtroom during re-sentencing. Commonwealth's Brief at 28-34. The Commonwealth argues that courts must be open to the public, but "the [t]rial [c]ourt appears to have assumed a disturbance will take place despite receiving no indication that there would be a large number of uniformed officers in attendance nor that any of the officers were planning to do anything other than quietly and respectfully observe the proceeding." *Id.* at 31. Additionally, the Commonwealth asserts that "[t]he trial court also failed to consider that [Abdul-Salaam] has already been found guilty of his crimes beyond a reasonable doubt and exhausted all his appeal rights [while a] sentencing proceeding inherently poses a lower risk of prejudice." *Id.* Finally, the Commonwealth argues that the trial court's "ruling is inconsistent with its own previous rulings in cases involving violence towards police officers." *Id.* at 32.

We adhere to the following standards:

A trial court's decision regarding access to judicial ... proceedings is within the sound discretion of the trial court, and we will reverse only if the trial court abuses its discretion. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Phillips*, 2008 PA Super 30, ¶ 11, 946 A.2d 103, 108-109

(2008) (internal citations and quotations omitted).

Moreover, our Supreme Court previously determined:

The right to a public trial, as guaranteed in our state and federal constitutions, serves two purposes. An accused cannot be subject to a star chamber proceeding and the public is assured that standards of fairness are being observed. Confidence in our system of jurisprudence is enhanced by such openness.

It has been established already that the First Amendment to the Federal Constitution is broad enough to encompass the right of access to criminal trials to the public and media[.]

The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that anyone is free to attend gives assurance that established procedures are being followed and that deviations will become known.

A trial judge may impose restrictions to maintain the integrity of the proceedings in the courtroom. The United States Supreme Court [has] held that a trial judge may in the interest of the fair administration of justice, impose reasonable limitations on access to a trial.

The Supreme Court went on to state the standard for such limitation of access:

The question in a particular case is whether that control is exerted so as not to deny or unwarrantedly abridge ... the opportunities for the communication of thought and the discussion of public questions immemorially associated with resort to public places.

*Commonwealth v. Berrigan*, 501 A.2d 226, 232 (Pa. 1985) (internal citations and footnotes omitted); *see also Commonwealth v. Philistin*, 53 A.3d 1, 32 (Pa. 2012), *citing **Holbrook v. Flynn***, 475 U.S. 560, 570–571 (1986) ("We do not minimize the threat that a roomful of uniformed and armed policemen might pose to a defendant's chances of receiving a fair trial" and "[w]henever a courtroom arrangement is challenged as inherently prejudicial … the question must be not whether jurors actually articulated a consciousness of some prejudicial effect, but rather whether 'an unacceptable risk is presented of impermissible factors coming into play.'"); *see also Commonwealth v. Gibson*, 951 A.2d 1110, 1139 (Pa. 2008) ("[W]e acknowledge that police officers' attendance at trial may cause concern with regard to jurors' perceptions and courtroom atmosphere.").

Upon review of the record and applicable law, we discern no abuse of discretion or error in the restrictions adopted to by the trial court to maintain the integrity of the proceedings in the courtroom. First, we note that the trial court did not prohibit or otherwise restrict public access to the sentencing hearing. The trial court merely ordered that non-testifying police officers were not permitted to wear their uniforms in the courtroom and in the presence of the jury. By its terms, the court's order preserved the twin aims of holding trial open to the public: the avoidance of secretive proceedings and the enhanced confidence that open trials promote. The trial court also offered another viewing alternative if police officers wished to wear their uniforms while watching the live proceeding. ***See*** Trial Court Opinion, 6/9/2022, at 1

- 10 -

n.1 ("Those off-duty uniformed officers would have been otherwise allowed to watch the trial as it was to be simultaneously streamed to another courtroom in an effort to expand public viewing capacity."). Here, the trial court's restrictions did not deny or unwarrantedly abridge the public function of sentencing. Instead, in the interest of the fair administration of justice, the trial court imposed reasonable limitations on the access to the courtroom. Because the trial court's decision properly applied the law and the record shows the decision was not the result of partiality, prejudice, bias or ill-will, we discern no abuse of discretion. Accordingly, the Commonwealth is not entitled to relief on its second appellate claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/08/2023