**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXANDER FERNANDEZ-RAMOS | : | |
| | : | |
| Appellant | : | No. 1553 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 30, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at CP-36-CR-0000410-2020

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 20, 2023**

Alexander Fernandez-Ramos (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of one count each of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, and corruption of minors,[1] as well as two counts of indecent assault of a child.[2]  We affirm.

The incidents occurred between 2010-2012, and involved Appellant's sexual abuse of his former paramour's daughter, who was between the ages of 11 and 13 years old at the time.  N.T., 3/14/22, at 83-85, 92-102, 106,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), and 6301(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3126(a)(7).

121-22, 129. The abuse stopped when the victim disclosed the incidents to multiple people, including her mother. *Id.* at 103-06; N.T., 3/15/22, at 157-59, 185-89. School officials reported the abuse to authorities. N.T., 3/14/22, at 107-16; N.T., 3/15/22, at 159-61. However, attempts to investigate by police, with the assistance of the Children's Alliance, were unsuccessful because the victim's mother told the victim to lie to interviewers and deny the abuse. N.T., 3/14/22, at 107-16; N.T., 3/15/22, at 274, 277-79. It was not until Appellant ended his relationship with the victim's mother that she permitted the victim to report the abuse. N.T., 3/14/22, at 116-18; N.T., 3/15/22, at 166-68, 247-49.

During their investigation, police recorded a telephone call between the victim and Appellant. The victim asked Appellant, "Why [he] did it," and Appellant responded, "I'm so sorry for everything I let happen." N.T., 3/14/22, at 118-21. In addition, Appellant repeatedly apologized to the victim in the presence of her mother. N.T., 3/14/22, at 140; N.T., 3/15/22, at 164-65, 177, 180-81. He blamed his actions on abuse he had experienced, and claimed the victim's mother was not paying enough attention to him. N.T., 3/15/22, at 180-81. At trial, Appellant's biological daughter testified that she questioned Appellant about his abuse of the victim. N.T., 3/15/22, at 242-54. Appellant's daughter admitted she had previously told investigators that Appellant apologized to her for abusing the victim. *Id.*

Approximately ten days prior to trial, Appellant filed a motion to admit evidence of prior sexual abuse of the victim pursuant to 18 Pa.C.S.A. § 3104. Motion to Admit Evidence of Prior Sexual Victimization, 3/4/22, at 1-3 (unnumbered). The trial court denied Appellant's motion without a hearing on March 9, 2022. The case proceed to trial between March 14-16, 2022, and a jury convicted Appellant of the above crimes. On August 30, 2022, the trial court sentenced Appellant to an aggregate 19 – 38 years in prison. Appellant filed a post-sentence motion, which the trial court denied on September 29, 2022. This timely appeal followed.[3]

Appellant raises one issue for review:

> Did the trial court err in denying [Appellant's] motion to admit evidence of prior sexual victimization without holding an *in camera* hearing in violation of 18 Pa.C.S.A. § 3104(b)?

Appellant's Brief at 6 (capitalization altered, italics added).

Appellant sought to admit evidence of the victim's alleged prior sexual victimization. Motion to Admit Evidence of Prior Sexual Victimization, 3/4/22, at 1-3 (unnumbered). Specifically, Appellant sought to admit the victim's disclosure to him that she had been sexually abused by a cousin. **Id.** Appellant claimed his apology to the victim on the recorded phone call concerned the cousin's abuse of the victim. **Id.** at 2 (unnumbered). To support this claim, Appellant stated that during a Snapchat conversation with

---

[3] Appellant and the trial court complied with Pa.R.A.P. 1925.

- 3 -

several of Appellant's family members, the victim "appear[ed] to confirm that she told family members she was sexually abused by her cousin." *Id.* Appellant did not attach a transcript of the Snapchat conversation to the motion, provide further details about the conversation, or explain how the conversation would negate the charges against him. *Id.* Appellant contends the trial court erred in denying this motion without a hearing.

> This Court has established that a trial court's ruling on the admissibility of a sexual abuse victim's prior sexual conduct will be reversed only where there has been a clear abuse of discretion. *Commonwealth v. K.S.F.*, 102 A.3d 480, 483 (Pa. Super. 2014). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Id.* (citation and quotation marks omitted).

> The Rape Shield Law restricts the introduction of evidence of a victim's past sexual conduct and provides, in pertinent part, as follows:

>> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

> 18 Pa.C.S. § 3104(a). The purpose of the Rape Shield Law is "to prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the victim." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (citation omitted). Moreover, "[t]he Rape Shield Law is intended

- 4 -

to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." *Id.*

*Commonwealth v. Largaespada*, 184 A.3d 1002, 1006 (Pa. Super. 2018).

Pennsylvania courts have recognized limited exceptions to the Rape Shield Law "to reconcile the effect of the statute in excluding evidence with the accused's [S]ixth [A]mendment right to confrontation and cross-examination." *Commonwealth v. Guy*, 686 A.2d 397, 400 (Pa. Super. 1996). "These [exceptions] include evidence that directly negates the act of intercourse with which the defendant is charged and evidence that attacks a complainant's credibility." *Commonwealth v. Allburn*, 721 A.2d 363, 367 (Pa. Super. 1998).

A defendant is not automatically entitled to a hearing when he seeks to invoke an exception to the Rape Shield Law. Rather:

> A defendant who proposes to offer evidence of the alleged victim's past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct and reputation evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an *in camera* hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

18 Pa.C.S.A. § 3104(b). Thus, to secure an *in camera* hearing, a defendant must show that the proposed evidence is "relevant to exculpate the accused, more probative than prejudicial, and non-cumulative in nature." *Largaespada*, 184 A.3d at 1007 (citation omitted).

- 5 -

Here, the trial court found Appellant had not met the threshold for an *in camera* hearing. Trial Court Opinion, 1/18/23, at 4-5. The court stated:

Appellant contend[ed] the Snapchat conversation stating that the victim was abused by a cousin somehow exonerate[d] him. In no way does this evidence demonstrate the Appellant's innocence; it merely alleges that someone other than the Appellant sexually abused the victim. This does not "directly negate[] the act of intercourse with which a defendant is charged." *Allburn*, 721 A.2d at 367. The Appellant does not assert the Snapchat conversation contains an admission from the victim professing the Appellant's innocence — he only sought to shift the blame from himself to a third party. This flies in the face of the Rape Shield Law's purpose: "to keep the focus on the legitimate issues at trial, and off the victim's sexual history …." [*I*]*d.* at 368.

Additionally, the Appellant in no way attempt[ed] to explain how this Snapchat conversation negated the overwhelming evidence of the Appellant's recorded phone call with the victim, during which he repeatedly apologized to the victim for "everything [the Appellant] let happen[.]" [The trial c]ourt fails to see how evidence of an accusation against a third party of previously unreported sexual abuse is relevant to whether the Appellant sexually abused the victim in the instant case.

*Id.*

Our review of the record and law supports the trial court's analysis and conclusion. The offer of proof made by Appellant only showed that the victim may have been sexually abused by another person and disclosed that abuse to others. Appellant failed to demonstrate the proffered evidence could have negated the charges against him or exculpated him in any way. The offer of proof was insufficient to satisfy Appellant's initial burden under the Rape Shield Law. *Commonwealth v. Durst*, 559 A.2d 504, 506 (Pa. 1989); *see also Allburn*, 721 A.2d at 368 (concluding that evidence of a victim's prior

sexual activity is not admissible under the Rape Shield Law where the offer of proof showed only prior sexual conduct by the victim with others and did not show how this evidence would exonerate the defendant); *Commonwealth v. Nieves*, 582 A.2d 341, 346-47 (Pa. Super. 1990) (determining evidence that only provides an alternate source for the evidence of sexual abuse, without precluding the defendant's guilt, is not admissible under the Rape Shield Law).

Appellant did not demonstrate that his offer of proof was sufficient to warrant an evidentiary hearing. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2023