J-A18012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES J. MATHIS | |
| Appellant | No. 1506 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 4, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0008962-2013

BEFORE: STABILE, J., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY STABILE, J.:            **FILED NOVEMBER 08, 2018**

Appellant Charles J. Mathis appeals from the April 4, 2017 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his jury convictions for rape by forcible compulsion, unlawful contact with a minor, aggravated indecent assault, corruption of minors, and involuntary deviate sexual intercourse ("IDSI").[1] Upon review, we affirm.

The facts and procedural history of this case are undisputed. As recounted by the trial court:

> On June 23rd, 2013, [A.H.] found it urgently necessary to take her son, R.T. to the hospital. As a result of this sudden emergency, she left her other children including the [fourteen-year-old] victim A.T. in the care of [Appellant], the brother of the

---

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 6318(a)(1), 3125(a)(8), 6301(a)(1)(i) and 3123(a)(7), respectively.

children's grandmother [D.T.]. While watching the children, [Appellant] went to the second floor bedroom where the [victim] was watching television and listening to music with her sister. He did so after the [victim's] sister left the room and went downstairs. [Appellant] entered the room and approached the [victim]. He then unzipped and removed [the victim's] pants following which he dropped his own pants, pulled out his penis, and placed his penis on the outer part of the [victim's] vaginal region. He also touched the outer part of her vagina with his hand.

[Appellant] then tried to insert his penis in the [victim's] vagina. However, upon hearing R.T., the [victim's] brother, coming up the stairs he stopped. When R.T. reached the top of the stairs, he saw the [victim] fastening her pants as she exited the room and [Appellant] get off the bed with his pants unbuckled. R.T. immediately ran down the stairs to report what he had seen to his grandmother, [D.T.].

[D.T.] called the police and reported what R.T. had told her. Philadelphia Police Officer Thomas Bellon and his partner arrived at the residence shortly thereafter at which time they observed that several members of the [victim's] family were visibly upset and were yelling. The [victim] and other family members were thereafter transported to the Office of the Special Victims Unit of the Philadelphia Police Department for interviews.

Detective Kimberly Organ, of the Special Victims Unit, was assigned to the matter. Upon interviewing the [victim] and other individuals present at the residence the detective concluded that she had sufficient evidence to take [Appellant] into custody. [The victim] was taken to the emergency room of St. Christopher's Hospital, where she was examined. That examination revealed no physical manifestations indicating that she had engaged in vaginal intercourse. However, an expert presented by the Commonwealth opined that such a finding did not mean that such activity had not occurred.

In addition to describing what occurred during the incident underlying the charges in the current matter[, the victim] related that [Appellant] had sexually assaulted her previously. She testified that during one of those incidents she had gone into the basement to get her sister and while there [Appellant] grabbed her arm and spun her around. [Appellant] then pulled down both the [victim's] and his pants and exposed himself. [Appellant] then had the [victim] sit on a chair at which time he was about to place his penis inside her vagina but stopped when R.T. came down the stairs. [Appellant] and the [victim] quickly pulled up their pants. R.T. immediately went back upstairs and reported what he had witnessed.

[The victim] also testified to other incidents during which [Appellant] performed what sounded like anal sex with her. She conceded that she failed to tell authorities about the other

- 2 -

instances when she was first interviewed following the incident herein during which [Appellant] sexually molested her.

Trial Court Opinion, 7/31/17, at 2-3. Appellant subsequently was charged with various sex crimes. On April 7, 2015, the Commonwealth filed a motion *in limine* seeking to exclude evidence of the victim's allegations of sexual abuse by a third party. Specifically, the Commonwealth sought to preclude a June 24, 2013 statement that D.T., A.T.'s grandmother, provided to Detective Organ, reporting that the victim "had previously accused a boy on the school bus of touching her, but that the [victim] never disclosed this to her." Motion, 4/7/15, at 3, 5. On November 15, 2016, the trial court conducted a hearing on the Commonwealth's motion. At the hearing, the Commonwealth reasserted its request that the trial court preclude Appellant from mentioning "any other allegation made by the [victim] in this case." N.T. Hearing, 11/15/16, at 5. In response, Appellant argued that, for purposes of attacking the victim's credibility, he be permitted to introduce evidence of "prior confirmed instances in which the victim child has made false allegations." ***Id.*** at 6 (emphasis added). The trial court granted the Commonwealth's motion.

The case proceeded to a jury trial, following which Appellant was found guilty of rape, unlawful contact with a minor, aggravated indecent assault, corruption of a minor, and IDSI. On April 4, 2017, the trial court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment followed by ten years' probation. Appellant did not file any post-sentence motion. He timely appealed to this Court. The trial court directed Appellant to file a

Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant

complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2] Appellant raises two issues for our review:

[I.] Did the trial court abuse its discretion when it granted the Commonwealth's motion *in limine* to preclude Appellant from introducing evidence that the [victim] had falsely accused other individuals of sexual assault?

[II.] Did the trial court abuse its discretion when it granted the Commonwealth's motion *in limine* to preclude [] Appellant from introducing evidence that [the victim] had previously been committed to a mental institution?

Appellant's Brief at 3 (unnecessary capitalization omitted).

After careful review of the record and the relevant case law, we conclude

that the trial court accurately and thoroughly addressed the merits of

Appellant's claims. ***See*** Trial Court Opinion, 7/31/17, at 4-7. We agree with

_____

[2] Our standard of review of a grant of a motion *in limine* is well-settled:

When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. ***See*** ***Commonwealth v. Zugay***, 745 A.2d 639 (Pa. Super. 2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to ruling on a motion to suppress evidence, our standard of review of a motion *in limine* is the same of that of a motion to suppress). The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion.

***Commonwealth v. Kane***, 188 A.3d 1217, 1229 (Pa. Super. 2018) (citing ***Commonwealth v. Stokes***, 78 A.3d 644, 654 (Pa. Super. 2013)). "[A] trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." ***Commonwealth v. Moser***, 999 A.2d 602, 605 (Pa. Super. 2010) (citation omitted), ***appeal denied***, 20 A.3d 485 (Pa. 2011).

the trial court's conclusion that Appellant failed to present any evidence to substantiate that the victim falsely had accused others of sexual assault. Thus, we discern no abuse of discretion with respect to the first issue on appeal. Moreover, the trial court did not abuse its discretion in disallowing Appellant from introducing evidence that the victim had been committed to a mental institution, because Appellant failed to present any evidence establishing that the victim was suffering any mental condition that impaired her ability to recall what Appellant did to her. Accordingly, we affirm the trial court's April 4, 2017 judgment of sentence. We further direct that a redacted copy of the trial court's July 31, 2017 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :     COURT OF COMMON PLEAS
             :     OF PHILADELPHIA
             :
VS.                 :     CRIMINAL TRIAL DIVISION

CP-51-CR-0008962-2013 Comm v Mathis Charles J
Opinion

Charles Mathis            CP-51-CR-0008962-2013

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
7983167851

**FILED**

**'JUL 3 1 2017**

Office of Judicial Records
Appeals/Post Trial

**OPINION**

**PROCEDURAL HISTORY**

The defendant, Charles Mathis, was charged with, *inter alia*, rape, unlawful contact with a minor, aggravated indecent assault-complainant less than 16, corruption of a minor, indecent assault of a person less than thirteen, and involuntary deviate sexual intercourse with a person less than sixteen years old. These charges were brought forth as a result of an incident that occurred on June 23, 2013, during which the defendant sexually assaulted fourteen-year-old A. T.

In November of 2016, defendant was tried before this Court and a jury. On November 16, 2016, the jury found defendant guilty of the above listed charges but for the charge of indecent assault of a person less than thirteen years old, on which it entered a verdict of not guilty. On April 4, 2017, this Court imposed a sentence of ten to twenty years' incarceration followed by a period of probation of ten years. Following the imposition of sentence, the defendant filed a notice of appeal and a Pa.R.A.P. 1925(b) statement.

1

## FACTUAL HISTORY

On June 23rd, 2013, Angela Henderson found it urgently necessary to take her son, R. T. to the hospital. As a result of this sudden emergency, she left her other children including the victim A.T. in the care of defendant, the brother of the children's grandmother Dianne Taylor. While watching the children, defendant went to the second floor bedroom where the complainant was watching television and listening to music with her sister. He did so after the complainant's sister left the room and went downstairs. Defendant entered the room and approached the complainant. He then unzipped and removed the complainant's pants following which he dropped his own pants, pulled out his penis, and placed his penis on the outer part of complainant's vaginal region. He also touched the outer part of her vagina with his hand.

Defendant then tried to insert his penis in the complainant's vagina. However, upon hearing R. T., the complainant's brother, coming up the stairs he stopped. When R. T. reached the top of the stairs, he saw the complainant fastening her pants as she exited the room and defendant get off the bed with his pants unbuckled. R. T. immediately ran down the stairs to report what he had seen to his grandmother, Diane Taylor.

Ms. Taylor called the police and reported what R.T. had told her. Philadelphia Police Officer Thomas Bellon and his partner arrived at the residence shortly thereafter at which time they observed that several members of the complainant's family were visibly upset and were yelling. The complainant and other family members were thereafter transported to the Office of the Special Victims Unit of the Philadelphia Police Department for interviews.

Detective Kimberly Organ, of the Special Victims Unit, was assigned to the matter. Upon interviewing the complainant and other individuals present at the residence the detective concluded that she had sufficient evidence to take defendant into custody. A. T. was taken to the emergency

2

room of St. Christopher's Hospital, where she was examined. That examination revealed no physical manifestations indicating that she had engaged in vaginal intercourse. However, an expert presented by the Commonwealth opined that such a finding did not mean that such activity had not occurred.

In addition to describing what occurred during the incident underlying the charges in the current matter A. T. related that defendant had sexually assaulted her previously. She testified that during one of those incidents she had gone into the basement to get her sister and while there defendant grabbed her arm and spun her around. Defendant then pulled down both the complainant's and his pants and exposed himself. Defendant then had the complainant sit on a chair at which time as he was about to place his penis inside her vagina but stopped when R. T. came down the stairs. Defendant and the complainant quickly pulled up their pants. R. T. immediately went back upstairs and reported what he had witnessed.

A.T. also testified to other incidents during which defendant performed what sounded like anal sex with her. She conceded that she failed to tell authorities about the other instances when she was first interviewed following the incident herein during which defendant sexually molested her.

## DISCUSSION

In his 1925(b) statement, the defendant asserts the following:

I.      The Court erred by refusing to permit the defense from presenting evidence indicating that the complainant had falsely accused other individuals of sexual assault.

II.     The Court erred by refusing to permit the defense to present evidence indicating that the complainant had been committed to a mental institution.

3

These claims are governed by the following standards. "Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion." Commonwealth v. Cooper, 941 A.2d 655, 667 (Pa. 2007). An abuse of discretion "is not merely an error of judgment," but a ruling that is "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." Commonwealth v. Chambers, 685 A.2d 96, 104 (Pa. 1996). Evidence is relevant when 'the inference sought to be raised by the evidence bears upon a matter in issue in the case and second, whether the evidence renders the desired inference more probable than it would be without the evidence.'" Commonwealth v. Haight, 525 A.2d 1199 (Pa. 1987), quoting Commonwealth v. Stewart, 336 A.2d 282 (Pa.1975).

Instantly, it is submitted that the Court did not commit an abuse of discretion by excluding the evidence at issue.

Defendant's first issue concerns an allegation that the complainant falsely accused another person of having sexually assaulted her. The issue had its genesis in a pre-trial Motion in Limine filed by the Commonwealth. In its Motion, the Commonwealth indicated that it was seeking to prevent the introduction in evidence a comment made on June 24, 2013, by Diane Taylor, to Detective Organ that A.T. had accused a "boy" she was riding with on the school bus of touching her, something which Ms. Taylor indicated A.T. never admitted to her. Commonwealth's Motion in Limine, 4/7/15, at 3.

During the hearing on the Motion, the defense provided no additional information involving the complaint such as whether the complaint was investigated, what was the outcome of the investigation, or who was the original source of the information Ms. Taylor related to Detective Organ. Absent this information, the defense failed to show that the evidence was anything more than irrelevant inadmissible hearsay, or that it sought to introduce the evidence for anything more than to smear the complainant. See Commonwealth v. Fink, 791 A.2d 1235 (Pa. Super. 2002)

4

(holding that "[i]f the offer of proof shows only that others in addition to the defendant had sexual contact with the victim, but does not show how the evidence would exonerate the defendant, evidence of prior sexual activity is inadmissible....") (Fink, 791 A.2d at 1242-1243, citing Commonwealth v. Durst, 559 A.2d 504 (Pa. 1989) and Commonwealth v. Allburn, 721 A.2d 363 (Pa. Super. 1998)). Here, defendant presented nothing showing how the evidence at issue was exculpatory.

Moreover, the law is clear that such evidence was not admissible under the circumstances presented here.[1] Case law clearly holds that such evidence is irrelevant because the fact that the complainant may have falsely accused another of sexual assault does not undermine or negate an allegation that the complainant did so in the case being tried. In Commonwealth v. Johnson, 638 A.2d 940 (Pa. 1994), the Supreme Court held that evidence of the victim's prior sexual assault was not relevant to the question of whether Johnson had assaulted the victim. Thus, the Johnson Court held, the evidence had properly been excluded at trial. See also Commonwealth v. L.N., 787 A.2d 1064 (Pa. Super. 2001) (holding that the trial court did not err by disallowing introduction of evidence of prior sexual assault complaint where no evidence presented demonstrating that the evidence was relevant).

Defendant argued that the case of Commonwealth v. Schley, 136 A.3d 511 (Pa. Super. 2016), applied herein and mandated that the evidence of the alleged prior complaint was admissible. In that case, Schley, charged with Endangering the Welfare of Children following an allegation that the victim had told her on a couple of occasions that her husband had her touch his penis, sought to introduce evidence indicating that the complainant therein had thrice made claims,

---

[1] It is noted that this Court did not exclude the admission of such evidence based on the Rape Shield Act. 18 Pa.C.S. § 3104. In fact, because the allegation concerned a prior sexual assault, the Act did not apply. See Fink, 791 A.2d at 1242.

5

which were proved to be false, accusing others of having sexually assaulted her. Schley argued, *inter alia*, that the admission of the evidence involving other demonstrably false claims of sexual assault was not precluded by the Rape Shield Act and also that evidence was relevant and admissible because it was probative of an element of the crime with which she was charged and also the victim's credibility.

This Court concluded that Schley did not apply here because defendant presented no evidence indicating that the prior unrelated complaint had been proved false and because the probative value of the evidence was outweighed by its prejudicial effect, namely, the likelihood that it would unfairly smear the complainant with nothing more than a rumor based on hearsay.

Accordingly, for all of the foregoing reasons, it is respectfully suggested that the ruling of this Court precluding the introduction of the evidence at issue be affirmed.

Appellant's second and final issue asserts that this Court abused its discretion by prohibiting the defense from impeaching the complainant with evidence demonstrating that she had been committed to a mental institution. (N.T. Motions Hearing, 11/15/16, 7). Although such evidence may be admissible for purposes of impeaching the credibility of a witness, Commonwealth v. Mason, 518 A.2d 282, 285 (Pa. Super.1986), the party proffering the evidence must establish the following:

> t]he crucial determination that a trial judge must make ... is whether [this evidence] is related to the subject of the litigation or whether it affects the testimonial ability of the witness so as to impeach him. The evidence can be said to affect the credibility of a witness when it shows that his mental disorganization in some way impaired his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime.

Mason, 518 A.2d at 285. See also Commonwealth v. Gonzalez, 109 A.3d 711, 726 (Pa. Super. 2015).

6

Here, defendant did not present any evidence establishing that the complainant was suffering any mental condition that impaired her ability to recall and communicate what defendant did to her. Absent that evidence, it is clear that no abuse of discretion occurred and therefore, it is submitted that relief should be denied with respect to this claim.[2]

## CONCLUSION

For the foregoing reasons, defendant's assertions of error should be dismissed for lack of merit and the judgment of sentence should be affirmed.

By the Court,

Date: 7/31/17

Honorable Jeffrey P. Minehart

---

[2] It is submitted that even if it was error to preclude the defense from impeaching the complainant with the evidence at issue, the error was harmless given the wealth of other evidence establishing that defendant sexually assaulted the complainant.

7